OPINION
On April 19, 1998, Coshocton County Sheriff's Deputy James Walsh issued a traffic citation to appellant, Nicholas W. Robinson, a juvenile, for failure to control his vehicle in violation of R.C. 4511.202. Said citation arose from an accident involving appellant's vehicle, a 1985 black Chevrolet Camaro, and a 1984 red Ford Escort being driven by Tyler Kobel. Passengers in Mr. Kobel's vehicle were Rebecca Edwards and Kristen Barnes. A bench trial commenced on June 22, 1998. By judgment entries filed June 24, 1998, the trial court found appellant to be a juvenile traffic offender, and ordered appellant to pay a $30.00 fine plus court costs and suspended appellant's driver's license for sixty-five days. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I THE TRIAL COURT ERRED IN FINDING THAT THE STATE OF OHIO HAD PROVEN BEYOND A REASONABLE DOUBT THAT THE APPELLANT HAD OPERATED HIS MOTOR VEHICLE WITHOUT BEING IN REASONABLE CONTROL THEREOF, AND THE JUDGMENT BELOW IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
II IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO FIND BEYOND A REASONABLE DOUBT THE DEFENDANT/APPELLANT, NICHOLAS ROBINSON, WAS GUILTY OF THE OFFENSE CHARGED.
III APPELLANT'S COUNSEL'S FAILURE TO SUBPOENA THE APPELLANT'S INSURANCE INVESTIGATOR/ADJUSTOR AS A WITNESS WAS PREJUDICIAL TO THE DEFENSE AND RENDERED COUNSEL'S ASSISTANCE INEFFECTIVE.
 I, II
Appellant claims the trial court erred in finding he operated his vehicle without being in reasonable control. Appellant not only challenges the trial court's decision but the swiftness with which the trial court ruled. Appellant claims the trial court abused its discretion in ruling immediately after the presentation of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. Appellant was charged with failing to control his vehicle in violation of R.C.4511.202 which states "[n]o person shall operate a motor vehicle, trackless trolley, or streetcar on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle, trolley, or streetcar." Appellant argues there was insufficient evidence to find a violation of said section beyond a reasonable doubt. The accident involving appellant's Camaro and Mr. Kobel's Escort occurred on a narrow rural road measuring fourteen feet wide. T. at 133. Just prior to impact, Mr. Kobel's vehicle was traveling northbound and appellant's vehicle was traveling southbound. T. at 23. At the point of impact, the roadway curved to the left going northbound and "there is a little hill." T. at 22-23, 25. Mr. Kobel and his two passengers, Ms. Edwards and Ms. Barnes, testified Mr. Kobel's vehicle was not left of center at the immediate second just prior to impact. T. at 25, 71, 99. Appellant testified Mr. Kobel's vehicle was left of center. T. at 174. Appellant stated he attempted to pull off the roadway, turning his wheel towards the hill. Id. The rear end of appellant's vehicle slid along the grass and the driver's side of both vehicles collided. T. at 175. Deputy Walsh testified appellant told him "[h]e saw the car coming, hit his brakes and slid and crashed." T. at 129. The width of the two vehicles did not exceed the width of the roadway; in fact, there were thirty-one inches to spare. T. at 134. Based upon his observations, Deputy Walsh opined "the Escort appeared to be clear to the right side of the roadway" (T. at 129), and the Camaro was left of center and "sideways." T. at 131, 149. Following the impact, the Escort went "almost directly sideways." T. at 130. Although the record is replete with speculation as to the speed of appellant's vehicle, said vehicle was nonetheless not exceeding the posted speed limit (55 miles per hour). T. at 152. Appellant testified his speed was 40 to 45 miles per hour. T. at 181. The trial court had before it the testimony of three witnesses who stated Mr. Kobel's vehicle was on the right side of the roadway and collaborating physical evidence. The trial court's decision was based on the credibility of the witnesses as well as Deputy Walsh's testimony. The weight to be given the evidence and the credibility of the witnesses lie with the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182. Based upon our review, we find sufficient evidence, if believed, to find appellant violated R.C.4511.202, and no manifest miscarriage of justice. As for appellant's complaint that the testimony was too complex for the trial court to issue an immediate ruling, we find the immediacy of the ruling was not an abuse of discretion given the testimony of the witnesses. We fail to find any evidence of lack of patience by the trial court in hearing the case. Assignments of Error I and II are denied.
 III
Appellant claims his trial counsel was ineffective in failing to subpoena his insurance investigator/adjustor. We disagree. The standard this case must be measured against is set out in State v. Bradley (1989), 42 Ohio St.3d 136, 142, certiorari denied110 S.Ct. 3258. Appellant must establish two criteria: 1) [C]ounsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition.
2) [P]rejudice arises from counsel's performance.
Appellant must further establish ". . . but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington (1984), 466 U.S. 668,696. We are unable to determine if prejudice occurred to appellant in failing to subpoena the insurance investigator/adjustor because there is no evidence in the record of his/her proposed testimony. Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Coshocton County, Ohio, Juvenile Division is hereby affirmed.
By Farmer, J. Gwin, P.J. and Hoffman, J. concur.